UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARK S. CAMPBELL,**

      **Plaintiff,**　　　　　　　　　　　　CASE NO.

v.

**SETERUS, INC.,**　　　　　　　　　　　　　　JURY TRIAL DEMANDED

      **Defendant.**
_____/

## CLASS ACTION COMPLAINT

Plaintiff, Mark S. Campbell, by and through the undersigned attorney, hereby files this Class Action Complaint against the Defendant, and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff defaulted on a mortgage debt that was being serviced by Seterus, Inc. ("Defendant" or "Seterus"). Plaintiff filed for bankruptcy and listed the debt alleged to be owed in his bankruptcy.

2. Seterus had actual knowledge that Plaintiff filed for bankruptcy and received a discharge of the debt. Nevertheless, Seterus continued attempting to collect that debt and demanded payment from Plaintiff.

3. Plaintiff seeks damages, costs and attorney's fees, and a declaratory judgment from Seterus for the above violations.

### JURISDICTION AND VENUE

4. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims, claims under the United States Bankruptcy Code. Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

1

5. Federal jurisdiction exists pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA"), as the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and is a class action in which a member of the class of plaintiffs is a citizen of a state different from Defendant.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

7. Plaintiff, Mark S. Campbell ("Plaintiff" or "Mr. Campbell") is a natural person who resides in Hillsborough County, Florida. Plaintiff is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3), and Fla. Stat. § 559.55(2).

8. Defendant, Seterus, Inc. ("Seterus" or "Defendant"), is incorporated in Delaware, does business in the State of Florida, and is a "creditor" as that term is defined by Fla. Stat. § 559.55(5), and is a "debt collector" as that term is defined by Fla. Stat. § 559.55(7).

9. All conduct alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of the Seterus.

10. The Defendant's communications set forth below are wholly without excuse.

11. At all times mentioned herein, the agent(s) or employee(s) of Seterus were acting within the course and scope of such agency or employment and were acting with the consent, permission, and authorization of Seterus.

## **CLASS ACTION ALLEGATIONS**

12. Plaintiff brings this action as a class action, pursuant to Federal Rule of Civil Procedure 23, on his own behalf and on behalf of all other similarly-situated consumers in Florida who: filed a bankruptcy, surrendered their home in the bankruptcy proceedings, obtained a discharge, and after they received the discharge, received communications, including billing statements, related to the discharged mortgage from or on behalf of Defendant on or after May 17, 2015 (the "Class").

### *Numerosity*

13. The class is so numerous that joinder of all members is impracticable. Plaintiff estimates the Class has approximately 10,000 members.

### *Commonality*

14. There are questions of law and fact that are common to the Class and which predominate over questions affecting any individual Class member. Specifically, these common questions of law and fact include, without limitation, (1) whether Defendant violated the FCCPA, Fla. Stat. § 559.72(7) and (9); (2) whether Defendant violated the Bankruptcy Court's order under 11 U.S.C. § 105(a); and (3) whether the Court should enter a Declaratory Judgment finding that Defendant violated the FCCPA and the discharge and order and enjoin Defendant from billing individuals who have obtained a discharge and disgorge any such ill-gotten gains. Also, all of the Class members reside in Florida, and received the same or substantially similar communications from Defendant as described below.

### *Typicality*

15. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interest adverse or antagonistic to the interests of other members of the Class.

### *Adequacy of Class Representation*

16. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

### *Predominance of Common Questions*

17. The common questions set forth in Paragraph 14 predominate over any individual issues.

### *Superiority of Class Resolution*

18. A class action is superior to other methods for the fair and efficient adjudication of the claims asserted herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of the class action.

19. A class action will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.

20. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for Defendant's conduct.

21. Absent a class action, the Class members will continue to have their rights violated and will continue to suffer monetary damages.

22. Defendant's actions are generally applicable to the entire Class and accordingly, the relief sought is appropriate with respect to the entire Class.

## FACTUAL ALLEGATIONS

23. Mr. Campbell defaulted on the mortgage payment for his Bradenton home (the "Alleged Debt"). The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(6).

24. Mr. Campbell lived with his former wife in a property on Daisy Place in Bradenton, Florida (the "Property"). Mr. Campbell and his former wife divorced in 2011.

25. Mr. Campbell filed for bankruptcy on February 8, 2013. Case No.: 8:13-bk-01611-CPM, Doc.1.

26. Mr. Campbell surrendered and vacated any interest he had in the Property as part of his bankruptcy. The bankruptcy court entered a discharge as to the Alleged Debt on May 22, 2013. Case No.: 8:13-bk-01611-CPM, Doc. 14.

27. Seterus became the servicer of the Alleged Debt in April 2015.

28. Seterus was made aware of Mr. Campbell's bankruptcy. Indeed, during one phone call a Seterus customer service representative acknowledged that Mr. Campbell's bankruptcy was reflected in Seterus's records. Seterus therefore had actual knowledge of Mr. Campbell's bankruptcy dishcharge. However, Seterus continued communications directly to Mr. Campbell in attempt to collect the Alleged Debt

29. For instance, on May 17, 2017, Seterus sent Mr. Campbell a letter stating that "Your loan is in default, due to non-payment of the following amount…" and informed Mr. Campbell he owed $5,330.28 by June 21, 2017. A copy of the May 17, 2017 letter is attached as **Exhibit A**.

30. The May 17, 2017 letter goes on to state "We hereby demand that you bring your loan up to date ('cure this default') by payment of the amount due stated above." Ex. A. It also states "If full payment of the default amount is not received by us in the form of a certified check, cashier's check, or money order on or before June 21, 2017, we will accelerate the maturity date of your loan and upon such acceleration the ENTIRE balance of the loan, including principal,

accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and payable.

31. By sending a letter demanding payment to Mr. Campbell knowing he had already received a bankruptcy discharge as to any obligations owed on the Property, Seterus violated the FCCPA, and the Bankruptcy Court's authority under 11 U.S.C. § 105(a).

32. All conditions precedent to this action have occurred, have been satisfied or have been waived.

## COUNT I

## VIOLATION OF THE FCCPA BY DEFENDANT SETERUS

33. This is an action against Defendant for violation of Fla. Stat. § 559.55 et seq. Plaintiff re-alleges and incorporates paragraphs 1 through 32, as fully set forth herein.

34. Defendant communicated certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

35. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

36. Through the conduct described above, Defendant violated Fla. Stat. § 559.72, by among other things, continuing communication in an attempt to collect the Alleged Debt after the Alleged Debt was discharged by bankruptcy in a way that was both harassing as well as an attempt to collect a debt not owed by Plaintiff.

6

37. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

38. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

39. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Defendant as described herein, Plaintiff is entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

40. Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

WHEREFORE, Plaintiff, on behalf of all others similarly-situated, respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

### SANCTIONS FOR DISCHARGE INJUNCTION VIOLATIONS BY DEFENDANT SETERUS

41. This is an action against Defendant for violation of the Discharge Injunction.

42. Plaintiff re-alleges and incorporates paragraphs 1 through 32, as if fully set forth herein.

43. Plaintiff's Discharge Order included a discharge of the Alleged Debt as to Plaintiff, personally enjoining *in personam* collection of the debt.

44. Defendant had knowledge of the Plaintiff's bankruptcy.

45. Nevertheless, Defendant attempted to collect the debt from Plaintiff, which had been discharged. Plaintiff was not personally obligated to pay the debt after entry of the discharge order.

46. Defendant's continued collection of the discharged debt with actual knowledge of the discharge, constitutes a sanctionable violation of the Discharge Injunction. Defendant's conduct is the result of a policy to continue collection efforts after a debt is discharged.

47. 11 U.S.C. § 105(a) authorizes the use of a court's authority to utilize its equitable powers to enforce the Discharge Injunction, to grant monetary relief, and to enjoin acts in violation of the Discharge Injunction.

48. As a result of the above violations of the discharge injunction, Defendant should be sanctioned.

WHEREFORE, Plaintiff respectfully requests this Court enter an order against Defendant: (1) finding that Defendant violated the Discharge Order and imposing sanctions against Defendant to punish Defendant for its violations, deter attempts to collect debts not owed, and deter future discharge injunction violations; and (2) awarding Plaintiff any and all damages (including but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life) as well as attorneys' fees and costs.

## COUNT III

## DECLARATORY JUDGMENT ACT – 28 U.S.C. § 2201 *et seq.*

49. This is an action against Defendant under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

50. Plaintiff re-alleges and incorporates paragraphs 1 through 32, as if fully set forth herein.

51. Under the Declaratory Judgment Act, "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declarae the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201.

52. Further, "necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202.

53. As detailed above, here, Plaintiff obtained a mortgage and later filed for bankruptcy protection.  Seterus was made aware of Plaintiff's bankruptcy and therefore had actual knowledge that Plaintiff had filed bankruptcy.  Nevertheless, Seterus repeatedly sent billing correspondence to Plaintiff attempting to collect amounts owed.

54. Because Plaintiff obtained a bankruptcy discharge, Defendant has no legal right to collect any such amounts.

55. There is an actual controversy within the jurisdiction of this Court regarding whether Defendant's conduct in sending written communications which seek to collect money on a debt that was discharged in bankruptcy violates the discharge order in Plaintiff's bankruptcy case, and also violates the FCCPA.  Thus, Plaintiff seeks a declaratory judgment as to Plaintiff's rights.

56. Plaintiff believes that Defendant has sought and collected amounts for debts previously discharged against other individuals as well.

57. Plaintiff therefore seeks a declaratory judgment finding that Defendant's conduct violates the FCCPA and the discharge injunction.

58. Further, Defendant should be enjoined from collecting or seeking to collect debts previously discharged in bankruptcy.

59. Moreover, Defendant should be required to disgorge all amounts collected from consumers who obtained discharges in bankruptcy as ill-gotten gains resulting from its illegal conduct.

WHEREFORE, Plaintiff respectfully requests this Court enter a Declaratory Judgment in Plaintiff's favor (1) finding that Defendant violated the Discharge Order; (2) finding that Defendant violated the FCCPA; (3) enjoining Defendant from seeking to collect amounts after a consumer obtains a bankruptcy discharge; (4) requiring Defendant to disgorge any amounts received from consumers who obtained a bankruptcy discharge and did not owe such amounts; and (5) awarding Plaintiff any and all damages (including but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life) as well as attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: August 31, 2017                                         Respectfully Submitted,

**KYNES, MARKMAN & FELMAN, P.A.**           **CENTRONE & SHRADER, PLLC**
P.O. Box 3396                                                          612 W. Bay Street
Tampa, Florida  33601                                          Tampa, Florida 33606
Phone:  (813) 229-1118                                         Phone:  (813) 360-1529
Fax:      (813) 221-6750                                          Fax:     (813) 336-0832


/s/ Katherine Earle Yanes                                     /s/ Gus M. Centrone

**KATHERINE EARLE YANES, ESQ.**               **BRIAN L. SHRADER, ESQ.**
Florida Bar. No. 658464                                        Florida Bar No. 57251
e-mail: kyanes@kmf-law.com                              e-mail: bshrader@centroneshrader.com
                                                                                **GUS M. CENTRONE, ESQ.**
                                                                                Florida Bar No. 30151
                                                                                e-mail: gcentrone@centroneshrader.com
                                                                                **Attorneys for Plaintiffs**