UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK S. CAMPBELL,

    Plaintiff,

v.                                                     CASE NO. 8:17-cv-2078-T-23TGW

SETERUS, INC.,

    Defendant.
_____/

**ORDER**

In 2013, Mark Campbell petitioned for bankruptcy in the United States Bankruptcy Court for the Middle District of Florida, and the bankruptcy court discharged a debt owed by Campbell. Alleging that Seterus attempted to collect the debt in 2017, Campbell sues (Doc. 1) under the FCCPA (count one). Also, Campbell requests that the district court sanction Seterus for violating the bankruptcy court's discharge injunction (count two). Finally, Campbell requests a declaration that Seterus violated both the FCCPA and the bankruptcy court's injunction (count three). Seterus moves (Doc. 13) to dismiss the claims for failure to invoke the district court's jurisdiction and for failure to state a claim.

**DISCUSSION**

**1. The FCCPA claim (count one)**

Campbell attempts through the FCCPA claim to invoke jurisdiction under CAFA, which requires an amount in controversy greater than $5,000,000. Section 559.77, Florida Statutes, permits a prevailing plaintiff in an FCCPA action to

recover $1,000.¹  In a class action, Section 559.77 limits the class award to $500,000.  Also, Campbell requests punitive damages, but Section 768.73 limits punitive damages to "[t]hree times the amount of compensatory damages."  Because Florida law prohibits a judgment greater than $2,004,000 in this instance,² Campbell fails to invoke jurisdiction under CAFA.

**2. Sanction for the alleged violation of the bankruptcy court's injunction (count two)**

The weight of authority holds that Congress conferred through the Bankruptcy Code no private right to sue a creditor in the district court for allegedly violating a bankruptcy court's injunction.  *In re McLean*, 794 F.3d 1313, 1318 (11th Cir. 2015) (citing *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 509 (9th Cir. 2002)); *In re Joubert*, 411 F.3d 452 (3d Cir. 2005) (Smith, J.).  If a creditor violates the bankruptcy court's injunction, the debtor must move for relief in the bankruptcy court rather than sue in the district court.  *See, e.g.*, *In re McLean*, 794 F.3d at 1318 ("It is settled that the court that issued the injunctive order alone possesses the power to enforce compliance.") (internal quotation omitted).  An improper attempt to enforce the

---

¹ Also, Section 559.77 permits recovering an attorney's fee and costs. On August 31, 2017, the day Campbell sued, Campell likely had incurred no more than $1,000 in an attorney's fee and costs, and an attorney's fee not yet incurred cannot contribute to the amount-in-controversy. *See Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955 (7th Cir. 1998) (Easterbrook, J.) (holding that an attorney's fee not yet incurred cannot establish the amount in controversy and explaining that "[j]urisdiction depends on the state of affairs when the case begins").

² ($1,000 for Campbell plus $500,000 for the class) plus $1,503,000 in punitive damages.

bankruptcy court's injunction through a complaint in the district court, count two fails to state a claim.

**3. The declaratory-judgment claim (count three)**

Count three requests a declaration that Seterus violated the bankruptcy court's injunction and the FCCPA. Duplicative of counts one and two, the declaratory-judgment claim warrants dismissal. *See, e.g.*, *Trilogy Props LLC v. ST Hotel Assocs. LLC*, 2010 WL 7411912 at *4–*5 (S.D. Fla. Dec. 23, 2010) (Jordan, J.) (dismissing a duplicative declaratory-judgment claim). Additionally, the Declaratory Judgment Act provides no "independent" source of jurisdiction. *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989) ("[A] suit under the [Declaratory Judgment] Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question."). As explained above, the FCCPA claim fails to invoke jurisdiction under CAFA, and the bankruptcy court must decide in the first instance if Seterus violated the bankruptcy court's injunction.

**4. Supplemental jurisdiction over the FCCPA claim**

No federal claim remains, and comity counsels against exercising supplemental jurisdiction over the state-law FCCPA claim. *See L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984) ("[I]f the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims.") (citing *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)). Although the FCCPA claim resulted from Seterus's alleged attempt to collect a debt discharged

in bankruptcy, the bankruptcy court closed Campbell's case more than five years ago.³ Florida's state courts maintain a strong interest in adjudicating the FCCPA claim, which involves no question inextricably intertwined with bankruptcy law, and Campbell identifies no persuasive reason for the district court to exercise supplemental jurisdiction in this circumstance.

## CONCLUSION

Count one, the FCCPA claim, fails to invoke jurisdiction under CAFA. Count two, which alleges that Seterus violated a bankruptcy court's injunction, fails to state a claim. Count three, which requests a declaration that Seterus violated the FCCPA and the bankruptcy court's injunction, warrants dismissal as duplicative. Because Campbell identifies no persuasive reason to exercise supplemental jurisdiction over the FCCPA claim, count one warrants dismissal without prejudice. Seterus's motion (Doc. 13) to dismiss the claims is **GRANTED**, and the claims are **DISMISSED WITHOUT PREJUDICE**. The clerk is directed to close the case.

ORDERED in Tampa, Florida, on February 15, 2018.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

³ 8:13-bk-1611-MGW.